United States District Court
District of Massachusetts


C.A.No. _____


Wilson Peña Jr, Pro Se;
Plaintiff;


V.


Sergio P. Cacioppo';
Dean Gray (Acting Superintendent of
the Souza-Baranowski Correctional Center);
John Doe #1 Also known as officer McGuire;
John Doe #2; And
John Doe #3;
Defendants.

FILED
IN CLERKS OFFICE
2021 JUN 10 PM 3: 29
U.S. DISTRICT COURT
DISTRICT OF MASS.


Verified Civil Action Complaint With A

JURY DEMAND


# I. Introduction:

**1.** The Plaintiff brings this verified civil action Complaint Against the Defendants alleging the Defendants Violated Plaintiff's Civil Rights when they Assaulted, Battered and Physically Attacked

Plaintiff; Failed to Protect the Plaintiff; Then Conspired to Author (knowingly) false reports against the plaintiff in an effort to cause the Plaintiff Further harm.

2. The Plaintiff is before this Honorable Court seeking a declaratory judgment, injunctive relief And Damages.

## II   Exhaustion of Administrative Remedies:

3. Pursuant to the provisions of M.G.L.ch. 127,§ 38E And 42 USC.§1997 e(2)., Consistant with the Requirements of 103 CMR. 491.00 et. Seq, the Plaintiff Certifies that Plaintiff has Properly exhausted all available Administrative Remedies, And thus, this matter is Ripe for this Honorable Court.

## III.   Jurisdiction:

4. The Plaintiff Invokes the ~~Judgement~~ Jurisdiction of this Honorable Court to hear and Adjudicate this matter pursuant to U.SC. 1331, 42 U.S.C.§ 1983; As well as the Eighth and Fourteenth Amendments to the United States Constitution.

5. The Plaintiff Invokes Any and All Further Jurisdiction of this Honorable ~~Deemed~~ Court Deemed necessary for the Success of this action.

## IV.   Parties:

6. The Plaintiff, Wilson Peña Jr. ("Peña" or "Plaintiff") has a current mailing address of: P.O. Box 100, S.Walpole, MA 02071

-2-

7. Defendant Sergio P. Cacioppo ("Cacioppo") is being sued in his official And Individual capacity, And has a last know business address of: P.O. Box 8000, Shirley, MA 01464;

8. Defendant Dean Gray ("Gray") at All times material to this Action was the Acting Superintendent at the Souza-Baranowski Correctional Center ("S.B.C.C."), is being sued in his official And Individual capacity, And has a last known business address of: P.O. Box 8000, Shirley, MA 01464.

9. Defendant John Doe #1 Also knows as officer McGurn ("McGurn") is being sued in his official And Individual capacity, And has A last know business address of: P.O. Box 8000, Shirley, MA 01464.

10. Defendant John Doe #2 ("Doe #2") is a prison guard at S.B.C.C. who is being sued in his offical and Individual Capacity. Doe #2 has a last known business address of: P.O. Box 8000, Shirley, MA 01464.

11. Defendant Jonh Doe #3 ("Doe #3") is a prism guard at S.B.C.C. who is being sued in his official And Individual capacity. Doe #3 has a last known business address of: P.O. Box 8000, Shirley, MA, 01464.

**V** **Facts:**

12. At all times material to this action, the Plaintiff was a Prisoner at the Souza-Baranowski Correctional Center ("S.B.C.C.") confined to the custody of the Massachusetts Department of Correction.

13. " On January 10, 2020, inmates on the Northside of SBCC. seriously assaulted corrections officers in a housing unit. Four officers were taken to the hospital for injuries. Two officers required hospitalization. One correction officer sustained head trauma and a broken nose; Another correction officer sustained a broken jaw and a broken vertebrae in his neck. At one point during the assault inmates attempted to pull one officer in a cell before the officer broke free and got away. The prison was immediately placed in lockdown." [Exhibit 1, P6.3]

14. Plaintiff Peña was not involved in the January 10, 2020 incident described in paragraph 13, supra.

15. Since the January 10, 2020 incident, prison guards at the S.B.C.C. have been attacking, assaulting and beating prisoners without provocation or justification.

16. On May 27, 2020 by defendant Cacioppo, "A security risk inmate ("SRI")(Level A) search" was conducted of the plaintiffs cell [Exhibit 2]

17. On the morning of June , 2020 Defendant Cacioppo was in the N-2 housing unit, the unit in which Plaintiff was housed, when Plaintiff, in a non-confrontational manner, asked Defendant Cacioppo "you had me for the tattoo gun, why didn't you just throw the homebrew away?"

18. In a hostile manner, Defendant Cacioppo responded to the Plaintiff's question, as identified in paragraph 17, above, by stating "What did you say? What are you going to do about it ?"

19. As the Plaintiff was returning to Plaintiffs cell, Defendant Cacioppo stated, in a loud voice, "You cowards attack the C.O.s and then think we're supposed to help you; I'll beat the shit out of you!"

20. Defendant Cacioppo subsequently left the "N-2" housing unit.

21. On June 18, 2020 the Plaintiff was in his assigned cell with Plaintiffs cellmate, Mr. Joao Texiera #W99998, listening to music and getting Plaintiffs tattoo equipment ready.

22. On June 18, 2020 at approximately 12:30 PM (1330) Defendant Cacioppo, Along with defendant McGurn, Doe#2, and Doe #3 entered Plaintiffs cell under the false pretext of an SRI search.

23. While Plaintiff was standing in the back of the cell with his hands up, palms open and out, in a sign of submission, without provocation or justification Defendant Cacioppo punched Plaintiff, with a closed fist punch in the eye area resulting in the Plaintiffs face bleeding.

24. Defendant Cacioppo continued to throw further closed fists punches to the plaintiff's face and head areas.

25. Defendants McGurn, Doe#2 and Doe #3 took absolutely no steps to stop Defendant Cacioppo or to protect the Plaintiff from the attacks.

26. Plaintiff was knocked to the floor and continued to be assaulted, while Defendants McGurn, Doe#2 and Doe #3 yelled at Mr. Texiera not to move and not to get involved.

27. Plaintiff was subsequently handcuffed, removed and eventually placed in the Health Services Unit ("HSU") where the Plaintiff recieved stitches above the Plaintiffs right eye, and now has a lifetime scar.

28. Defendants Cacioppo, McGurn, Doe#2, and Doe #3, after the attack upon the Plaintiff, conspired with eachother and unknown others, to intentionally and maliciously author false reports in an effort to cause the Plaintiff further harm, and to freeze the Plaintiffs rights to the redress of a grievance.

29. Defendant Gray "Knowingly" and intentionally refuses to adequately and to any meaningful degree supervise and/or punish prison guards at S.B.C.C. who attack prisoners, and thereby encourages such attacks and the authorizing of false reports.

30. Defendant Cacioppo has been reported to attack prisoners in the past, and Defendant Gray still permits Defendant Cacioppo to be around and have physical access to prisoners so these attacks can take place.

## VI. Cause of Action:

31. By way of reference, the Plaintiff incorporates herein the Allegations contained in paragraphs 1 through 30.

32. The actions and/or omissions of the defendant constitutes a conspiracy.

33. The attacks and/or omissions of the defendant amounts to a failure to protect the Plaintiff.

34. The actions and/or omissions of Defendant Cacioppo constitutes an Assault and Battery.

35. The actions and/or omissions of Defendant Cacioppo constitutes an excessive use of force.

36. The actions and/or omission of Defendant Gray amounts to a failure to supervise.

37. The actions and/or omissions of Defendant Gray amounts to an approval, encouragement and/or ratification of the attacks.

38. The actions and/or omissions of the Defendants subjected the Plaintiff to cruel and Unusual Punishment.

39. The actions and/or omissions of the Defendants interfered with and chilled the Plaintiffs rights under Article XI of the Massachusetts Declaration of Rights and the First Amendment.

40. The actions and/or omissions of the Defendants violated Plaintiff's rights to due Process.

## VII. Prayers of Relief:

41. Wherefore, Plaintiff, by way of memorandum and decision, seeks this this Honorable Court issue a declaratory judgement finding that: (a) the defendants failed to protect the Plaintiff; (b) the defendants subjected the Plaintiff to cruel and unusual Punishment; (c) the Defendants assaulted and battered the Plaintiff; (d) the Defendants used excessive force against the Plaintiff; (e) Defendant Gray encouraged the attacks; (F) Defendant Gray failed to meaningfully supervise the other Defendants; (g) The Defendants violated the Plaintiff's rights.

42. Plaintiff seeks this Court Award Compensatory Damages.

43. Plaintiff seeks this Court Award Punitive Damages.

44. Plaintiff seeks this Court Award Plaintiff All Reasonable costs and attorney fees associated with this action.

45. Plaintiff seeks this court issue an injunctive order.

46. Plaintiff Respectfully demands a Trial by Jury on all issues so triable.

By The Plaintiff

x

Wilson Peña Jr. # W112518
P. O. Box 100
S. Walpole, MA 02071

Dated: May 21, 2020

−7−

<u>Certificate of Verification</u>

I hereby certify that I have read the foregoing civil complaint and have knowledge of the same, and under the penalties of perjury I swear that all factual claims made therein are True to the best of my knowledge. I further certify the complaint is made in good faith, without malice, to see that justice is done.

x

Wilson Peña Jr.